UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL ANTHONY WILLIAMS, | ) | CASE NO.  1: 23-cv-646 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| SIDNEY R. GRIFFITHS, *et al*., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

I.      **Background**

This is a *pro se* civil rights lawsuit brought by plaintiff Russell Anthony Williams against multiple defendants.  On March 28, 2023, plaintiff filed an original complaint against Toledo University, Toledo University Police Department, Sidney R. Griffith, Samantha Griffith, Boyd Benson Griffith Jr., Sheri Griffith, Frank K. Baldwin, Lucas Court of Common Pleas, and the Ashtabula Public Defender.  (Doc. No. 1.)  After the individual defendants filed a motion to dismiss (Doc. No. 6), plaintiff filed what appears to be an amended pleading.  (Doc. No. 13.)  The amended pleading consists of an incomprehensible letter (*id*. at 1), a statement adding the Toledo Municipal Court as a defendant (*id*. at 2), and a document labeled as an "Extended Statement of Claim" (*id.* at 111-121).

Neither plaintiff's original complaint nor his amended pleading, however, set forth clear factual allegations or legal claims.  In his "Extended Statement of Claim," plaintiff states that he has known defendant Sidney R. Griffith for decades and expresses his belief that she has been abused.  (*Id*. at 4.)  He states that after he "grew immensely successful nationally" by supplying "1,000's of NAICS codes to every branch of the government," he returned to Ohio and "offered

to purchase her a new lifestyle in full to free her completely" from "long time-abusers."  (*Id*. at 4-5.)  He does not clearly identify such abusers but contends they "became terrorists" and stole everything he worked on.  (*Id*. at 5.)

Without cogent specifics, plaintiff states "[t]hey began extorting [him,] saying [to him that] 'If you don't cease educating and opportuning Sidney, we are going to attack you legally using terror and the extortion of all your property we've stolen.'"  (*Id*.)  Among other things, he then states that he was "robbed and extorted using terror"; that the Ashtabula's public defender's office, "who had previously been able to report federal crimes on a separate matter. . . indicated [he] wasn't allowed to talk anymore or [he'd] be punished"; that the Toledo University Police Department aided "in this assault on the liberty of American freedoms" by harassing him and stripping him "of his first law to be protected using terror"; and that he has been "defiled, robbed, terrorized, and so much more while liberating an American female." (*Id.* at 5-6.)  He also states that:

> Samantha Griffin and Sheri Griffith beg[a]n organizing with the funding of Frank
> Baldwin to adjoin the terrorist onslaught against [his] God given rights to
> opportune and communicate to Sidney the way life should be lived.  Absolutely
> no reasoning whatsoever, perhaps more brainwashing from the communist based
> terroristic jealously fueled onslaught propagated by Boyd Jr., funded by Frank
> Baldwin, enforced by law ranking public employees in the Toledo are, and funded
> and instructed by Toledo University.

(*Id*. at 6.)

Neither of his pleadings state clear claims for relief, although in his original complaint, he states the basis for federal jurisdiction is for violations of:

> First Amendment God Given American Right to freedom of speech, right to
> freedom of expression, right to freedom of peaceful assembly and 18 U.S. Code §
> 1832 – Theft of trade secrets, 10 U.S. Code § 921 – Art. 121. Larceny and wrongful
> appropriation, 41 U.S.C. § 4712 – Abuse of Authority *UNITED NATIONS
> BASIC GUARENTEED HUMAN RIGHTS – ARTICLE 2, 3, 5, especially 12,
> expecially 19, especially 20, especailly 27.1 and 27.2, and absolutely 28.

2

(Doc. No. 1 at 5, ¶ II.A.)  He seeks damages and other relief, including "the fair value of compensation as his and his empire of entities/associates work has been stolen in terrorist extortion efforts, valued at a minimum of 2,5000,000,000."  (*Id.* at 6, ¶ IV.)

All of the defendants have filed motions to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on grounds that his pleadings do not comply with the requirement of Fed. R. Civ. P. 8(a) of providing a short and plain statement of his claims and because his pleadings fail to state any plausible federal claim upon which he may be granted relief under 42 U.S.C. § 1983.  *See* Doc. Nos. 6; 14 (Motion of the University of Toledo and University of Toledo Police Department); 16 (Motion of Ashtabula County Public Defender); 17 (Motion of Motion of Sidney Griffith, Samantha Griffith, Boyd Benson Griffith Jr., Sheri Griffith, and Frank K. Baldwin); 26 (Additional Motion of University of Toledo and University of Toledo Police Department); and 27 (Motion of Lucas County Common Pleas Court).

Plaintiff has filed a "Motion for Default Judgment" (Doc. No. 23) and a host of letters and notices in response.

## II.     Standard of Review and Discussion

A party may move for the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted."   To survive dismissal, a complaint must present enough facts "to state a claim to relief that it is plausible on its face" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).  Although *pro se* pleadings generally are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d

3

380, 383 (6th Cir. 2011), the lenient treatment accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Even a *pro se* complaint must satisfy Rule 12(b)(6) to avoid dismissal. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Furthermore, courts are not required to conjure unpleaded facts or construct claims on behalf of *pro se* plaintiffs. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001).

In addition, a district court "may, at any time, *sua sponte* dismiss [any] complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999), citing *Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974); *see also In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims.).

Upon review, the Court agrees with defendants that plaintiff's action must be dismissed in accordance with Fed. R. Civ. P. 12(b)(6) and the Court's authority established in *Apple v. Glenn*.

To meet the minimum notice pleading requirements, a complaint must give defendants fair notice of what plaintiff's legal claims against them are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Even liberally construed, plaintiff's pleadings fail to meet basic pleading requirements, and the statements and legal assertions set forth in his pleadings are so incoherent, implausible, frivolous, and devoid of merit that they do not provide a basis to establish this Court's subject matter jurisdiction over any federal civil claim against any defendant. *See Lillard v. Shelby County Bd.*

4

*of Educ.*, 76 F.3d 716 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim). Plaintiff's pleadings fail to state a non-frivolous federal claim. To the extent his pleadings can be deciphered, they characterize fantastic or delusional scenarios which are properly dismissed as frivolous. *See Abner v. SBC (Ameritech)*, 86 Fed. Appx. 958 (6ᵗʰ Cir. 2004).

Further, none of the named defendants may be sued under § 1983, which is the federal statute providing a damages remedy to plaintiffs claiming violations of their federal rights committed by a "person" acting under color of state law. *See* 42 U.S.C. 1983.[1]

Police departments and courts are not *sui juris*, meaning they are not capable of suing or being sued for purposes of a federal civil rights claim under § 1983. *See Elkins v. Summit Cnty., Ohio*, No. 5:06-CV-3004, 2008 WL 622038, at *6 (N.D. Ohio March 5, 2008) (administrative units of a local government, such as a municipal police department, are not *sui juris*); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.1997) ("A state court is not a "person" for the purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute.").

Public defenders, and private individuals whose conduct is not fairly attributable to the state, are not state actors subject to suit. *See Thomas v. Pugh*, 9 F. App'x 370, 373 (6th Cir. 2001) ("The Supreme Court has determined that a public defender is not a state actor for purposes of § 1983.") (citing *Polk County v. Dodson*, 454 U.S. 312, 321 (1981)); *Tahfs v. Proctor*, 316 F.3d 584, 591 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a

---

[1] Nothing suggests plaintiff has a private cause of action under any of the other federal laws he cites in his original complaint*, i.e.*, 18 U.S.C. § 1832; 10 U.S.C. § 921; and 41 U.S.C. § 4712. Criminal statues generally do not confer a private right of action, and courts do not "routinely, imply private rights of action in favor of victims of violations of criminal laws." *Ohlendorf v. United Food and Commercial Workers Intl. Union, Local 876*, 883 F.3d 636, 642 (6ᵗʰ Cir. 2003).

private party no matter how discriminatory or wrongful the party's conduct.") (internal quotation marks and citation omitted).

And the Eleventh Amendment prohibits suits against the State of Ohio and its agencies and departments in federal court, including its state universities.  *See McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012).

## III.    Conclusion

Based on the foregoing, defendants' motions to dismiss plaintiff's action (Docs Nos. 6, 14, 16, 17, 26, and 27) are all granted.  Plaintiff's motion for a "default judgment" (Doc. No. 23) is denied as there is no valid basis for such motion.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

**IT IS SO ORDERED.**

Date: July 28, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

6